## DUNCAN v. HOBART et al.

Where a party amends his pleadings, after a demurrer has been sustained to his answer, he waives the right to object in the appellate court, to the ruling of the court in sustaining the demurrer; and where the second answer admits, under oath, the correctness of the plaintiff's claim, this rule should be rigorously enforced.

The act entitled "An act to amend section 1763 of the Code, and amendatory of the law providing when cases in courts of record shall be tried," approved March 22, 1858, was not designed to continue *every* cause to the second term after its commencement, but to continue the *trial* on contested cases, and not those in which there was a default, or in which the whole cause of action was admitted.

Where in a proceeding to foreclose a mortgage, under chapter 118 of the Code, judgment was entered for the amount found to be due the plaintiff, ordering a foreclosure, and awarding a special execution against the property; *Held*, That the judgment did not cut off the right of the defendant to redeem before the sale, under the special execution, and followed substantially the provisions of the Code.

*Appeal from the Marshall District Court.*

FRIDAY, APRIL 15.

THIS was a " civil action in the district court," commenced in September, 1858, to foreclose a mortgage, under chapter 118 of the Code. As required by the petition, defendants answered under oath. To this answer, there was a demurrer, which was sustained. Another answer was then filed, duly verified, " admitting the justice of the plaintiff's claim." Defendants then moved to continue the cause until the next

term, for the reason that no judgment could legally be entered, until after one continuance. This motion was overruled, and judgment entered for the amount found due plaintiff, ordering a foreclosure, and awarding a special execution against the property. Defendants appeal.

*E. W. Eastman*, for the appellants.

*T. Brown* and *H. C. Henderson*, for the appellee.

WRIGHT, C. J.—It is objected that the demurrer to defendant's first answer, was improperly sustained. Without examining this answer, we dismiss it with the remark, that if the rule that a party, by answering over, waives his right to make such an objection in this court, should ever be rigorously enforced, it should be in a case like this, where the second answer admits, under oath, the entire justness and correctness of the plaintiff's claim. After this admission, there was nothing left of law or fact to try; for the right of the plaintiff to recover, in manner and form as prayed for in his petition, was fully conceded.

And this brings us to the second question presented by appellants, and that is, was it proper, against defendant's objection, to enter judgment at the first term. The Code provides (section 1763), that, " except when otherwise provided, causes shall be tried at the first term after they are commenced, unless reasonable cause for a continuance be shown." This section was amended by chap. 127, of Laws of 1857–8, 249, by substituting second for first before "term," but retaining every other word of the section. In our opinion, the law of 1858 was not designed to continue every cause to the second term after its commencemeent. By section 1737 of the Code, a defendant is required to demur, or answer, or both, on or before the morning of the second day of the term at which he is required to appear, unless the court, by general rule, or special order, otherwise direct; and then, by section 1824, it is provided that, if the defendant fail

Duncan v. Hobart et al.

to file his answer, or other pleading, by the time prescribed, judgment by default may, on motion of the plaintiff, be entered against him.    As we understand these sections, a class of cases is provided for, different from those contemplated by the law of 1858.    Section 1763, of the Code, gave the general rule, that causes should be tried at the first term after they were commenced.    The language of the section, however, clearly recognises exceptions to this rule; for it is said, " except where otherwise provided, causes shall be tried at," &c.    One exception is to be found, where there has been a return of " not found," and an order of publication is necessary ; for the delivery of the original notice to the sheriff, with intent that it be served immediately, is a commencement of the action.    Section 1663.    So the law of 1858 gives the general rule, that causes shall be tried at the second term after they are commenced.    But exceptions to the rule are recognized, still ; for it is said, " except where otherwise provided, causes shall be tried," &c.    Now, if there is a default, or a failure to answer or demur, by the time required by the law, or the order or rule of court, the plaintiff is entitled to his default, and to his judgment. Such a case would fall among the excepted ones, and should not be continued to another term.    And the same is true, in a more emphatic sense, where the defendant, by his answer, admits the truth or justice of the plaintiff's claim.    It amounts, substantially, if not technically, to a confession in open court.    And here we are brought to consider the meaning of the word " tried," as found in the amendatory act. If a plaintiff's cause of action is admitted, there is nothing to try.    And why shall a cause be continued for trial, when, from its pleadings, there is nothing to litigate ?    In such a case, to say that the plaintiff must wait another term, would make the law an engine of delay to an extent that would bring it into just and merited reproach.    If it was intended to make the first an appearance term for all cases, it would have been easy to have said so.    As it is, the intention was, as we infer from the language used, to continue to the sec-

ond term after their commencement, the trial on contested cases, and not those in which there was a default, or in which the whole cause of action was admitted.

Finally, it is urged that there was error in decreeing the foreclosure of defendant's equity of redemption. And here appellants raise the question, whether, under our law, the mortgagor has the right to redeem, after the rendition of the judgment, or the sale of the mortgaged premises. The question is one of very general importance—has been very hastily presented by counsel—and as we do not deem its disposition necessarily involved in the determination of the present cause, we conclude to leave it open until more directly and fully involved and discussed in some subsequent case. As we understand the judgment, in this case, it follows substantially the provisions of the Code. It does not undertake to bar and foreclose, absolutely and at once, the defendant's right to redeem. Whether such an order could be made, or the effect of it when made, seems not to have entered into the consideration of the court, at the time of rendering judgment. This much is very clear, that it was, at least, not intended to cut off the right to redeem before the sale under the special execution; and as to the effect of the sale upon this right, the judgment is equally silent. We say that the right to redeem before the sale, is not cut off. And this is manifest from the very fact of ordering the sale. This is the means provided by the law, and contemplated by this judgment, to enforce the collection of the mortgagee's debt. And to accomplish this seems to have been the object and purpose of the judgment. Beyond this, the court did not go—nor was it necessary.

Judgment affirmed.