Dickerson v. Davis et al.

———

12 353
80 736

DICKERSON v. DAVIS *et al.*

1. ACKNOWLEDGMENT. The certificate of acknowledgment of a deed conveying real estate should show that the party acknowledged the instrument as his voluntary act and deed. This may be shown by the tenor and form of the certificate as well as by the use of the very words of the statute; following *Bell* v. *Evans*, 10 Iowa 353; *Wickersham* v. *Reeves and Miller*, 1 Ib. 413.

2. FORM OF DEED. *Duncan* v. *Hobart, et al.*, 8 Iowa 337 as to form of a deed of foreclosure cited and approved.

*Appeal from Delaware District Court.*

Tuesday, December 3.

Complainant seeks the foreclosure of a mortgage. Lansing, a lien creditor, as he claims, was made a party, and appeals from the decree, for causes stated in the opinion.

*House, Brayton & Wattson,* for the appellants, contended that the defect in the acknowledgment was material and fatal.

*L. N. Ingalls* for the appellant, made the following points:

1. The acknowledgment of the mortgage is sufficient. *Bell* v. *Evans et al.,* 10 Iowa 353.

2. If the certificate of acknowledgment were not sufficient, the curative act of the General Assembly would make it whole. Chap. 49, § 3 of the Laws of the Fifth General Assembly, approved Jan. 22d, 1858; Code of 1851, p. 396.

WRIGHT, J.—The mortgage was offered in evidence, and objected to for the reason that the acknowledgment did not show that "it was the free and voluntary act *of the mortgagor.*" The acknowledgment is full and complete in all its parts, except that the word "his" is omitted before "free." From the record, we should judge that the notary had a printed form, and in filling it up failed to insert this personal pronoun, there being a space left therefor in the acknowledgment. It is very manifest, however, that the mortgagor acknowledged the instrument to be *his* free and voluntary act, and not that of another; and equally clear that the acknowledgment was by Davis, the proper party and not by a third person. The statute requires, among other things, that the certificate shall show that the party acknowledged the instrument to be his voluntary act and 'deed. This may be shown,

however, by the tenor and form of the certificate, so as to admit the instrument to record and impart constructive notice thereof to third persons, as well as by the use of the very words, and all the words of the statute. Of this character was this certificate, and there was no error, therefore, in overruling the objection to the evidence. *Bell* v. *Evans,* 10 Iowa 353; *Wickersham* v. *Reeves and Miller,* 1 Ib. 413; *Pickett* v. *Doe,* 5 Sm. & M. 470; *Owen* v. *Norris,* 5 Blackf. 479; *Vance* v. *Schuyler,* 1 Gilm. 160; *Merriam* v. *Harsen,* 2 Barb. Ch. 232.

The form of the decree as to the equity of redemption and ordering the sale, is not in conflict with the statute. See subject discussed in *Duncan* v. *Hobart et al.,* 8 Iowa 337;

The decree is excessive to the amount of $18.33. Modified in this respect, and affirmed; appellee paying the costs of appeal.