## PURINGTON *v.* FRANK.

Causes are to be tried in the order of their commencement, and at the first term thereafter, unless reasonable cause for a continuance, or change of such order, be shown.

In determining applications of this character, much must necessarily be left to the discretion of the court, but that discretion should be governed and controlled by legal rules, and not arbitrarily, nor in violation of prescribed rules, or the manifest rights of parties.

Where both an action at law, and a proceeding in chancery, between the same parties, and about the same subject matter, is pending in the same court, it is not an improper exercise of discretion, to postpone the trial of that suit which depended upon strict legal right, until those equities which the defendant had been compelled to set up in a separate action, could be heard and determined.

In case of such postponement, however, the defendant should be required to prosecute his suit in equity, with diligence; and when he fails in this respect, the action at law might properly be tried.

### Appeal from the Muscatine District Court.

FROM the record in this case, it appears that Purington brought an action of right against Frank, for certain real estate, situate in Muscatine county. To this action, the defendant answered, setting up, among other things, certain matters of an equitable character. To such portions of the answer, there was a demurrer, which was sustained. The defendant thereupon filed his bill in chancery, against the plaintiff, setting up these matters, and asking that the action at law might be enjoined until the determination of the said chancery cause. While this bill was so pending, the action at law was called for trial, whereupon the defendant moved that it be continued, until the said chancery cause should be first heard and determined, which motion was sustained, and the said cause continued. There is nothing to show, that a writ of injunction had been ordered as prayed for in said bill, nor is said bill a part of the record. The order of the court continuing said cause, is the error now complained of by appellant.

*Stephen Whicher,* for the appellant.

*D. C. Cloud,* for the appellee.

WRIGHT, C. J. (1)—Appellee claims, that the court has no jurisdiction, from the fact that an order granting a continuance under the circumstances disclosed, is not such a decision or intermediate order, as is contemplated by sections 1555–6 of the Code. We do not stop to determine this question, however, as we see no reason for disturbing the decision of the court below. Causes are to be tried in the order of their commencement, and at the first term thereafter, unless reasonable cause for continuance or change of such order, be shown. In determining such application, much must necessarily be left to the discretion of the court. We need hardly repeat, what we have frequently had occasion to say, that it must be a discretion governed and controlled by legal rules. It is not to be arbitrary, and in violation of prescribed rules, or the manifest rights of parties. In this case, we see nothing to lead us to believe, that this discretion was improperly exercised. It was not a matter of so much importance, that the action at law should be tried first, as that the rights of the parties to the property in controversy, should be properly settled; and when both actions were so pending before the same tribunal, we should require more than is now before us, to lead us to say, that it was an improper exercise of discretion, to postpone the trial of that which depended upon strict legal right, until those equities, which the defendant had been compelled to set up in a separate action, could be heard and determined. Of course, the defendant should be required to prosecute his suit in equity with diligence, and when he fails in this respect, the action at law might properly be tried. And this practice, adopted

---

(1) WOODWARD, J., having been of counsel, took no part in the determination of this cause.

in this case, is not unusual in our courts, or in the courts of other states. *Hutchins* v. *Biddle*, 12 New H. 465; *Adams et al.* v. *Manning et al.*, 17 Mass. 178.

Judgment affirmed.