## BUTLER, KEITH & CO. v. McCALL & SYPHER.

1. CONTINUANCE: MILITARY SERVICE. In an action against a copartnership, one partner filed an answer admitting a portion of the amount claimed, and denying the remainder, after which a motion was made for a continuance, under the provisions of section 1 of chap. 109, Laws of the Regular Session of 1862, on the ground that the partner not answering was in the military service of the United States: *Held*,

1. That the defendant in the military service was entitled to a continuance without any showing that his presence was necessary to a full and fair defense of the suit.

'2. That a continuance as to one of the defendants operated as a continuance as to both; and that judgment could not be rendered for the amount admitted to be due.

WRIGHT, J., dissenting.

*Appeal from Polk District Court.*

THURSDAY, DECEMBER 24.

THIS action is against defendants as partners upon a partnership note. Sypher, who appeared in behalf of the firm, admitted the execution of the note, and stated in his answer that the consideration therefor was two bills of merchandise purchased by defendants of plaintiffs, the aggregate amount of which was $950.81; that in giving the note for the amount supposed to be owing to plaintiffs, there was a mistake of about one hundred dollars. The answer, therefore, denies that defendants are indebted to plaintiffs as claimed in their petition. After this answer was filed, a motion for a continuance was made, on the ground that McCall was in the military service. At the same time the plaintiffs moved for a judgment for the amount admitted by the answer to be due. This latter motion was sustained, and judgment rendered accordingly, and the cause was continued as to that portion of plaintiffs' claim which was controverted by defendants' answer.

*C. C. Cole* for the appellants.

*Finch, Clarke & Rice* for the appellees.

BALDWIN, Ch. J.—If the defendant McCall was not entitled to a continuance after the answer had been filed in his behalf, conceding the correctness of plaintiffs' claim except as to only about one hundred dollars thereof, the Court had the power to render the judgment that it did. By § 3135 of the Revision of 1860, it is provided, that "if only a part of the claim is controverted by the pleadings,

judgment may at any time be rendered for the part not controverted. The defendants admit a part of this claim, and while it is said in the answer that they are not indebted to plaintiffs as claimed in their petition, it is understood that they, by this, only contest the amount not conceded by them as justly due.

Was the defendant McCall entitled to a continuance, as to the whole of his cause, having conceded the justice of the claim to such an extent that the Court could without further trial render judgment thereon, and to such an extent that his presence was not necessary to make any further defense to his action ?

Section 1st of the act of the Legislature, Regular Session of 1862, chapter 109, provides, that in all actions now pending, or hereafter brought in any of the courts of this State, or before any justice of the peace, it shall be a sufficient cause for a continuance, on motion of the defendant, his agent or attorney, if it shall be shown to the satisfaction of the Court, that the defendant is in the actual military service of the United States, or of this State, and that said action shall stand continued," &c.

It is conceded by counsel of appellee that the defendant McCall would be entitled to a continuance were it not for the answer on file, confessing the amount to be correct, for which judgment was rendered, and the provision of the Revision of 1860, authorizing a judgment for a portion of a claim about which there is no controversy. The provisions of the above act, are somewhat different from the act of the extra session, chapter 7 of 1861, upon the same subject. By the latter the defendant in the military service was entitled to a continuance upon the proper showing that his presence was in any degree necessary for a full and fair defense of the suit. It was under this act that *Lucas* v. *Casady et al.*, 12 Iowa, 507, was decided. Under the act of 1862, it is not required that the defendant shall show

Butler, Keeth & Co. v. McCall & Sypher.

that his presence is necessary for a fair and full defense of the suit. If the application for a continuance is made by a person in the service, the statute grants him a continuance without reference to the character of his defense, or the condition of the pleadings. All that is required of the defendant is to show to the satisfaction of the Court that he is in the service, and desires a continuance, and when this is done, all further proceedings against him are continued, nor is this right impaired in the least by the provisions of § 3135, above quoted.

The question is raised, whether the defendant Sypher can claim any advantage of the right of McCall to a continuance. The suit is against Sypher and McCall as a firm, and not against them as individual members thereof. We are inclined to hold therefore, that a continuance as against one of said firm would operate as a continuance against both.

Reversed.

WRIGHT, J., *dissenting.*— The foregoing opinion is, as I think, in conflict with the principles and reasoning recognized and used in the case of *Duncan* v. *Hobart et al.,* 8 Iowa, 337. When the cause of action is admitted; when there is nothing to litigate, as shown by the defendants' own pleadings; or when, as in this case, as stated in the majority opinion, there is such an admission of a portion of a demand as authorizes a judgment for such part, the law does not contemplate a right to a continuance. There was a reason for this statute. This was to give a defendant absent in the military service an opportunity to plead to, or defend any action brought against him in the courts. If it be also said, that it was intended further to protect him against judgments and executions, the answer is, that chapter 113 of the acts of 1862, exempts his property from sale under judicial process. Without answering, or if he answers tendering an

VOL. XV.—55

issue, he may ask a continuance. (*McCormick* v. *Rusch, ante.*) If he admits the cause of action, the reason for continuance ceases, and the statute is not applicable.