IN RE ESTATE OF THOMAS ROGERS.

ROSCOE SINCO, Guardian, Contestant, Appellee, v. JENNIE E. KIRKWOOD and CLARENCE KIRKWOOD, Proponents, Appellants.

No. 44605.

FEBRUARY 7, 1939.

Stephen Robinson and G. F. Hoffman, for appellants.

O. M. Slaymaker; R. E. Killmar, D. D. Slaymaker and D. S. McGinnis, for appellee.

STIGER, J.—Bertha Helms, an adopted daughter of Thomas Rogers, died in 1935, leaving a son, John Helms. Bertha Helms was a sister of Jennie E. Kirkwood who was adopted by Clemit Rogers, a brother of Thomas Rogers. Thomas Rogers died in 1937, leaving a last will and testament which gave all of his property, subject to the payment of debts, to his niece, Jennie E. Kirkwood and her husband Clarence. The will contained the following provision:

"Having complete confidence that my niece, Jennie E. Kirkwood and her husband, Clarence Kirkwood of Des Moines, Iowa will amply provide and care for my grandson, Jack Douglas Helms, (John Helms) I leave all the residue and remainder of my property of whatsoever nature and description to the said Jennie E. Kirkwood and her husband, Clarence Kirkwood, or to the survivor of either."

On February 3, 1938, the guardian of John Helms commenced a will contest on the grounds that Thomas Rogers was of unsound mind and the beneficiaries, Jennie Kirkwood and husband, procured the testator to execute the will by coercion,

fraud and undue influence. On or about February 20, the case was assigned for trial on March 2, 1938.

On March 1, 1938, respondents, Jennie E. Kirkwood and husband, filed a motion for a continuance of the cause until the next term of court because of the serious illness of Mrs. Kirkwood. The motion was overruled, the case proceeded to trial and a verdict was returned for the contestant. Whether respondents exercised undue influence was the only issue submitted to the jury.

Appellant-respondents' first assignment of error is that the court erred in overruling their motion for a continuance and ordering the case to trial. The motion was supported by an affidavit of a physician that Mrs. Kirkwood was stricken on February 28 with a painful and severe throat infection and her condition was so serious that to attend the trial on March 2 would seriously impair her health and might prove fatal, and that she should not attend trial for several days. No counter-affidavits were filed and it is not disputed that Mrs. Kirkwood was in the condition described by her physician. Mrs. Kirkwood's attorney filed an affidavit stating that her presence at the trial was necessary not only as a party to the action but also as a witness and also because her advice and counsel at the trial were necessary.

Code section 11443 reads:

"11443. Causes for. A continuance shall not be granted for any cause growing out of the fault or negligence of the party applying therefor; subject to this rule, it may be allowed for any cause which satisfies the court that substantial justice will thereby be more nearly obtained."

A motion for continuance addresses itself to the sound legal discretion of the trial court, and his ruling will not be interfered with on appeal unless the discretion has been abused and an injustice done the party denied the continuance. This discretion of the trial court is a judicial discretion to be governed and controlled by legal rules and must be exercised, not capriciously or oppressively, but for the prevention of injustice and oppression. Purington v. Frank, 2 Iowa 565; Childs v. Heaton, 11 Iowa 271; Peck v. Parchen, 52 Iowa 46, 2 N. W. 597; Baker v. Langan, 165 Iowa 346, 145 N. W. 513; Baker v. Jensen, 135 Or. 669, 295 P. 467.

It is unquestionably an important privilege of a party

to be present at the trial of his cause, which should not be denied on a proper application made, unless for weighty reasons. 13 C. J. 138, section 36.

In the case of Jaffee v. Lilienthal, 101 Cal. 175, 35 P. 636, 637, the court states:

"It seldom happens that a trial can be properly had in the absence of the plaintiff, even where he is disqualified as a witness, especially where it is to be tried upon oral testimony. With all the care that can reasonably be taken by both attorney and client, some matter of vital importance is liable to be overlooked by them until the trial calls it to the recollection of the plaintiff, and this is especially true in relation to matters purely in rebuttal. It is the right of parties to be present at the trial of their cases. This right may be waived, and should be held to be waived, where the absence of the party is voluntary, and under circumstances which ought not to induce a reasonable man having a due regard for the rights and interests of others and of the public, all of whom are interested in the due and prompt administration of justice, to absent himself." See McMahan v. Norick, 12 Okla. 125, 69 P. 1047; Storer v. Heitfeld, 17 Idaho 113, 105 P. 55.

The case of In re Townsend's Estate, 122 Iowa 246, 97 N. W. 1108, was a contest over a will. Alleged undue influence was denied by proponents who were beneficiaries under the will. They filed a motion for continuance because of the illness of the widow of testator who was one of the proponents and beneficiaries, which was overruled. The court, in reversing the case, states on page 249, 97 N. W., on page 1109:

"The ruling on the motion for a continuance because of the sickness of Charity Townsend was, we think, erroneous, and sufficient to reverse the case, unless it be for some matter subsequently appearing. There is no doubt that the widow was ill at the time the motion was submitted; that her presence was needed at the trial, not only because she was a party, but for the reason that she was a very material witness; and that defendants were in no manner in fault. The motion was overruled on March 21, 1902, and the case came on for trial to a jury on the 26th. After the case had been on for hearing for some days, and when proponents came to introduce their evidence, Charity

Townsend appeared, against the advice of her physician, and was examined as a witness in the case. Proponents offered to show that she was then sick, but the court would not allow them to do so. This ruling was also erroneous. Does this appearance of Mrs. Townsend negative the presumed prejudice resulting from the error in overruling the motion for a continuance? We think not. Her counsel were entitled to her presence, counsel and advice during the entire trial. The evidence discloses that she knew more about the real issues than anyone else, and, while she may have been incompetent as a witness to testify to many of these matters, there was the more need for her advice and counsel during the trial. This in itself would dispose of the case, but there are some other matters which should be considered, in view of the record and the claims made by the respective parties.''

The absence of Mrs. Kirkwood from her trial was involuntary, her motion for a continuance to the next term was in good faith, and it appears that she could have been present in court at the next term and it does not appear that the contestant would have been prejudiced by a continuance. She was without fault or negligence. In her answer she denied the charge of contestant that she, or she and her husband, exercised undue influence over the testator and the dead man statute, Code 1935, section 11257, would not necessarily make her an incompetent witness on this issue and prevent her from testifying in her own behalf to rebut the testimony of contestant.

While the abstracts of appellants and appellee do not purport to contain all of the evidence introduced at the trial on the issue of undue influence, the following is an example of the evidence offered by contestant: A witness testified:

''Mrs. Kirkwood told me that she must impress on Mr. Rogers' mind to include she and Clarence in the will to protect John's interest, in case John's father, Jack Helms, would come back and persuade John to give his money or the farm to Jack Helms. She told me that she was going to induce Tom Rogers to make that kind of a will.''

Only at the trial, could Mrs. Kirkwood know what the evidence of the contestant would be to sustain his charge that she exercised undue influence over the testator. Manifestly, no

other witness could meet testimony tending to prove she was guilty of undue influence as effectually as Mrs. Kirkwood, and advise her counsel in regard thereto. Also, her husband, as co-defendant, was deprived of the benefit of her presence at the trial and her testimony.

We do not agree with the statement made by the trial court in overruling appellants' motion for a new trial that ''There wasn't very much she could have testified to as a witness if she had been here, because of the fact that she was proponent of the will, and therefore was an incompetent witness'', nor do we give any weight to the following statement of the trial court: ''I am holding on the whole record here, there has no prejudice been shown against the proponent Jennie E. Kirkwood by reason of her not being present. I am satisfied her presence here would only accentuate the feeling the jury ordinarily has in a case under the circumstances such as developed here in the trial of this case. I have seen her as a witness before in the trial of the other matter, and I don't believe her testimony and conduct before a jury would have helped her any at all in the trial of this case. In fact, I think she was better off without her presence than if she was with her presence here before the jury''.

The overruling of the motion for a continuance was arbitrary, an abuse of discretion, and a grave injustice to appellants and as to Jennie E. Kirkwood, resulted in depriving her of her day in court.

There is not a sufficient abstract of the evidence to enable us to satisfactorily pass on the merits of appellants' complaint of instruction No. 14.

Appellants' motion to strike amendment to abstract and appellee's brief and argument is overruled.—Reversed.

MITCHELL, C. J., and BLISS, MILLER, HALE, SAGER, RICHARDS, and HAMILTON, JJ., concur.