**LANHAM et al. v. CLINE.**

**LANHAM v. SAME.**

Nos. 1514, 1515.

District Court, D. Idaho, N. D.

May 6, 1942.

Whitla & Knudson, of Coeur d'Alene, Idaho, for plaintiff.

Randall & Danskin, of Spokane, Wash., and Robert H. Elder and Robert N. Elder, both of Coeur d'Alene, Idaho, for defendants.

**CAVANAH, District Judge.**

These cases grow out of the same automobile collision, in which the plaintiffs seek to recover damages for the alleged negligence of the defendants. The prayers of the complaints in each case pray judgment against both of the defendants and will require each of them to appear and defend.

■ The allegations of the complaints present a joint action against the defendants and the plaintiffs cannot pretend to go to trial under the allegations of the complaints as to the defendant Cline alone.

■ The present status of the defendants must be considered as appears by the allegations of the complaint and the defendant Rothrock is required to now appear and defend, otherwise judgment could be obtained against him where it is alleged he did operate the automobile while intoxicated, upon a public highway, and by reason thereof, negligently caused the injury to the plaintiffs.

It is not sufficient to say under the allegations of the complaints that the trial of the action could proceed without the presence of the defendant Rothrock and the plaintiffs could contend that they only will ask for relief against the defendant Cline. He is entitled to be present and defend and not take chances of leaving it to the plaintiffs to say, at the trial, that they will seek judgment only against the defendant Cline.

■ It will be remembered that the alleged agent may be liable for unlawful acts both civilly and criminally and he cannot escape liability under the claim that he was acting within the scope of his authority as agent of another when performing unlawful acts such as driving an automobile upon a public highway while intoxicated. Such conduct would not be considered as proper and relieve him from liability because he was driving an automobile of another.

The defendant Rothrock now presents his petitions in each case, to stay proceedings under the soldiers and sailors civil relief Act and in support thereof annexes the affidavit of his Mother Bessie B. Rothrock, in which she states that the defendant Rothrock was on or about the 15th day of March, 1942, inducted into the United States Army and on the 15th day of March, 1942, left Spokane for Fort Lewis, Washington, and is now located at or in the neighborhood of San Jose, California.

It appears clear from the showing made on the petitions for stay of proceedings that the defendant Rothrock is now engaged in the Military service of the United States.

The petitions are predicated upon the Soldiers' And Sailors' Civil Relief Act of 1940, 50 U.S.C.A.Appendix § 510, which provides: "§ 510. In order to provide for, strengthen, and expedite the national defense under the emergent conditions which

are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force."

"§ 521. At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some other person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

The purpose of the Act was to suspend enforcement of civil liability in certain cases of absence in military service of the United States, in order to permit such persons to devote their entire energy to the defense needs of the nation and temporarily suspends all legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period therein specified and authorizes the Court in actions pending to stay such proceedings unless in the opinion of the Court the ability of the plaintiff to prosecute the action, or the defendant to conduct his defense is not materially affected by reason of his military service.

Applying, then, the facts as alleged in these complaints, to the Act, it is evident that the defendant cannot at this time conduct his defense which is materially affected by reason of his military service and therefore under the allegations of the complaints and the showing made, the proceedings in these actions are temporarily suspended, and stayed until such time as provided for in the Act.