[No. 28897. Department Two. January 27, 1943.]

THE STATE OF WASHINGTON on the Relation of Andy Frank, Plaintiff, v. LOUIS F. BUNGE, as Judge of the Superior Court for Spokane County, Respondent.[1]

Graves, Kizer & Graves, for relator.

Wm. Lucht, Jr., for respondent.

[1]Reported in 133 P. (2d) 515.

ROBINSON, J.—This controversy arises out of an application for a writ of certiorari. A show cause order only was issued, but the respondent voluntarily made a return which enables us to see the matter in a clearer light than we might otherwise have been able to do.

C. G. Janson and Mabel S. Janson, his wife, brought suit against Claire N. Frank and A. E. Frank, his father, to recover damages for personal injuries received by Mrs. Janson in an automobile accident in which the Frank car was being driven by the defendant, Claire N. Frank; the father being made a defendant in reliance upon the family car doctrine.

After answering separately, each alleging, among other things, that Claire Frank was in the military service of the United States, the defendants, in reliance upon the provisions of the soldiers' and sailors' civil relief act of 1940, 50 U. S. C. A. (Sup.), § 510, moved jointly that the action be stayed during the period of such military service, and for three months thereafter. In support of the motion, Claire Frank filed an affidavit, executed on April 11, 1942, in which he deposed, in substance, that, after the commencement of the action, he had been inducted into the military service of the United States, and was, at the time of the making of the affidavit, stationed at New Orleans; had a valid defense, but would not be able to conduct it.

A. E. Frank made an affidavit in support of the motion on the previous March 25th, and to substantially the same effect, except that he avers that he did not then know at what army camp his son was stationed. On May 20th, he made a supplemental affidavit, stating, in addition, that he was a resident of Wallace, Idaho; that his son was driving his automobile in Spokane at the time of the collision, was alone in the car; that his son was in no way negligent, but that Mrs.

Janson walked into the side of the car, and that the affiant knew of no witness to the accident other than his son, and that he could not safely go to trial without his son's presence.

The trial court granted the motion as to Claire Frank, but refused to stay the action as to his father, who thereupon applied to the court for a writ of review. The matter was argued here, both orally and by brief, as if the relator was the son, Claire N. Frank. But A. E. Frank is the sole relator in this proceeding. He is so denominated in the caption of all the papers filed, and, in the writ of review applied for and drawn by his attorneys, he is characterized as "the party beneficially interested," and the application for the writ is based upon an affidavit of one of his attorneys and closes with the following statement:

"That said order is now in full force and effect and has not been reversed, vacated or set aside; that the plaintiff is proceeding vigorously to press said cause for setting and trial, and your relator herein will be obliged to submit to the speedy trial of said cause, deprived of the means of defense unless these proceedings are stayed by writ of review herein; that the action of said Honorable Louis F. Bunge in denying the application of your relator for a temporary stay of the proceedings was in contravention of the provisions of the Federal statute pleaded above and amounted to an abuse of discretion; that this defendant has no right of appeal therefrom or any other plain, speedy or adequate remedy at law."

The relator is not in the military or naval service, and is not a person whom the soldiers' and sailors' civil relief act was designed to protect, unless he is made so by 50 U. S. C. A. (Sup.), § 513, which reads as follows:

"Sec. 513. (1) Whenever pursuant to any of the provisions of this Act the enforcement of any obligation or liability, the prosecution of any suit or proceeding, the entry or enforcement of any order, writ, judg-

ment, or decree, or the performance of any other act, may be stayed, postponed, or suspended, such stay, postponement, or suspension may, in the discretion of the court, likewise be granted to sureties, guarantors, endorsers, and others subject to the obligation or liability, the performance or enforcement of which is stayed, postponed, or suspended.

"(2) When a judgment or decree is vacated or set aside in whole or in part, as provided in this Act, the same may, in the discretion of the court, likewise be set aside and vacated as to any surety, guarantor, endorser, or other person liable upon the contract or liability for the enforcement of which the judgment or decree was entered."

■■ Without making a definite holding to that effect, it is distinctly our impression that the relator's situation is not covered by that section. But, assuming that he is entitled to claim a stay under its provisions, it is certain that whether or not it should be granted is wholly within the discretion of the trial court. For an appellate court to review the action of a trial court as to an alleged error of discretion in arranging its trial docket would not only be an unwarranted interference with its functions, over which we have no supervisory control, but would also encourage appeals by piecemeal instead of by the ordinary procedure. Generally speaking, a special appeal by certiorari will not be entertained in the absence of a clear showing that the remedy by the ordinary appeal procedure is wholly inadequate.

The action having been stayed as to the son, the relator is in no different position than he would have been had the plaintiffs made him the sole defendant at the outset, as they might lawfully have done. Restatement, Torts, § 882. If they had done so, would anyone contend that he was entitled to the protection of the soldiers' and sailors' relief act? The case is simply this: The relator is faced with a trial at which the

362

testimony of his chief and, according to his affidavit, his only witness cannot readily be secured. It has not been shown to be impossible to take his son's deposition, or even that the trial may be so set as to have him personally present.

While, under the circumstances presented, we might deal with this matter as if the writ had been formally issued, and, perhaps, should do so, in view of the fact that a return was made, the matter of procedure is wholly immaterial since in either case we would ultimately arrive at the opinion that the proceedings should be dismissed. It is so ordered.

SIMPSON, C. J., BEALS, and BLAKE, JJ., concur.