WILLIAM H. GILBRIDE et al., Appellants, v. CITY OF ALGONA et al., Appellees.

No. 46811.

DECEMBER 11, 1945.

E. C. McMahon, of Algona, and Kelleher & Kelleher, of Fort Dodge, for appellants.

H. W. Miller, County Attorney, J. D. Lowe, of Algona, and Alan Loth, of Fort Dodge, for appellees.

MULRONEY, J.—The city attorney of Algona, Kossuth County, Iowa, conducted condemnation proceedings for a municipal airport. He filed with the sheriff an application for condemnation of certain land, under section 7824, Code of 1939. A commission to assess damages was appointed by the sheriff and the latter proceeded to serve notice of the time of the appraisal. The notice fixed the time for appraisal of damages on July 7, 1945, and it was served on the eight owners of a one-hundred-sixty-acre tract of land described in the application by personal service, substituted service, and published notice. Two soldiers, Thomas and William Bestenlehner, each owned an undivided one-fourteenth interest in the tract and the service upon them was by substituted service. Helen Bestenlehner owned an undivided one-fourteenth interest in the tract and the service upon her was by publication as she was a nonresident of Iowa. William H. Gilbride owned a one-half interest in the tract and he was personally served. Dorothy Duffy, Ruth Sigsbee, Marrita Bestenlehner, and John Bestenlehner each owned a one-fourteenth interest in the tract and they were all personally served. William H. Gilbride is the uncle of all the other owners of the tract, who are children of his deceased sister. Besides owning a one-half interest in the tract he was trustee of the other shares in which his nieces and nephews owned a beneficial interest. The trust instrument provided for termination of the trust when the youngest beneficiary reached the age of twenty-three years. The youngest beneficiary, William Bestenlehner, reached the age of twenty-three years while he was in military service and before the condemnation proceedings were instituted. No formal transfer of the shares or accounting by the trustee had been made to the beneficiaries.

The owners, other than the two soldiers, filed an action in the district court of Kossuth county against the sheriff, the commission, and the city, seeking to enjoin the July 7th appraisal by the commission on the ground that proper service of notice had not been had upon all the owners of the tract.

The specific attack was directed to the substituted service on the soldiers and the published notice to Helen as a nonresident. The petition also sought a stay upon behalf of the soldiers under the provisions of the Soldiers' and Sailors' Civil Relief Act, 50 U. S. C. App., section 501 et seq.

The trial court found the attempted substituted service upon the soldiers was invalid because not made at "their dwelling house or usual place of abode" and entered decree enjoining the July 7th appraisal. The decree, however, denied the application for stay on behalf of the soldiers under the Soldiers' and Sailors' Civil Relief Act, and the decree expressly provided:

"That said injunction shall not prohibit the condemnor from proceeding to fix another date for said appraisement and serving the various owners with notice thereof in the manner contemplated and required by Chapter 366 of the 1939 Code of Iowa."

The plaintiffs appeal from that part of the decree that refused the stay under the Soldiers' and Sailors' Civil Relief Act.

I. The applicable section of the Soldiers' and Sailors' Civil Relief Act is 50 U. S. C. App., section 521, providing as follows:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

The trial court in its findings pointed to the fact that the soldiers' uncle and trustee owned a half interest and their brothers and sisters owned the other fourteenths interests, and it commented that, "their rights and interests to be affected

by the condemnation proceedings are no different from those of the other co-tenants." In the last sentence of its findings it stated:

"It is quite evident to the court that William Bestenlehner and Thomas Bestenlehner, though in the military service, are able to protect and defend their rights in these proceedings and therefore the application for stay under the Soldiers' and Sailors' Civil Relief Act should be denied."

The trial court under the act was directed to grant the stay unless it was of the opinion that the ability of the soldiers to conduct their defense would not be materially affected by their military service. Its finding shows its opinion, in effect, that their military service would not materially affect their ability to defend the condemnation. Of course, the phrase in the statute "in the opinion of the court" means in the discretion of the court and discretion means sound judicial discretion that courts are so often called upon to exercise. See Ratliff v. Ratliff, 234 Iowa 1171, 1176, 15 N. W. 2d 272, 274, where we stated:

"It has been generally held that it was within the discretion of a court to decide whether or not the party would be materially affected in his ability to prosecute or defend an action by reason of his military service."

See, also, Heck v. Anderson, 234 Iowa 379, 12 N. W. 2d 849; Semler v. Oertwig, 234 Iowa 233, 12 N. W. 2d 265, and authorities cited therein.

We do not feel that the trial court abused its discretion in refusing the stay. The court held the soldiers must be properly served with a notice of the assessment. Since the condemnor becomes possessed of the land upon the payment of the assessment award (section 7844) there is nothing the soldiers could do if they were civilians to defend against the taking of the land in which they own a two-fourteenths interest. Landowners might, by appearing before the commissioners, influence that body in the matter of the amount the commissioners might fix as damages, but the possibility of the soldiers' securing a higher award by attending the hear-

24

ing is rather remote. Presumably their uncle and brothers and sisters, who own a twelve-fourteenths interest, will be able to secure the highest award possible.

But plaintiffs argue that the award is final unless appealed from and landowners have but thirty days in which to perfect appeal by notice to the sheriff and condemnor. Sections 7838 and 7839, Code of 1939. The argument is that, since there is no one to act for the soldiers, they will, because of their military service, be unable to appeal and any award made will be final. But the stay that is now sought is the stay that will block condemnor's immediate possession. The denial of the stay can be supported by showing that under the statutory law immediate possession could not be stopped by civilian co-owners. It is no argument that the court abused its discretion because the soldiers' military service might affect a subsequent right which the soldiers might or might not decide to assert. While the landowners are in the position of defendants in the first stages of condemnation proceedings, they are plaintiffs upon appeal. Sections 7841, 7841.1, Code of 1939. Other provisions of the Soldiers' and Sailors' Civil Relief Act will amply guard the soldiers' rights on appeal if they wish to assert appeal rights. We point to section 525 of the act [as amended October 6, 1942, 56 Stat. at L., chapter 581, section 5], which provides:

"The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court * * * by * * * any person in military service * * * ."

See, also, Perkins v. Manning, 59 Ariz. 60, 64, 122 P. 2d 857, 859, where an action was brought by a claimant for a salary claim. The statute provided that such actions must be filed within ninety days after accrual. The defendant raised the bar of the statute because the record showed the action was commenced December 2, 1941, and the last salary claim, if due at all, was due and payable June 16, 1941. With respect to this defense, the court said:

"If it were not for one thing, the plea of the statute

of limitations would be well taken. The Soldiers' and Sailors' Civil Relief Act of 1940, Public No. 861, 76th Congress, section 205, 50 U. S. C. A. Appendix §525, provides that the period spent in military service by a plaintiff in an action shall not be included in any period during which the statute of limitations runs. This statute has always been held a valid exercise of power by the federal government. Since during all of the period involved in this controversy, and up to the present time, petitioner has been in the military service of the United States, his claim is not barred by the statute."

■ II. The plaintiffs argue the stay should have been granted because, "The civilian owners could not perfect an appeal because to do so, the Iowa law required notice of appeal to be served on the soldiers, for all practical purposes an impossibility." Plaintiffs cite Chicago, R. I. & P. Ry. Co. v. Hurst, 30 Iowa 73; C. R., I. F. & N. W. Ry. Co. v. C. M. & St. P. Ry. Co., 60 Iowa 35, 14 N. W. 76, and other authorities for the proposition that co-owners are indispensable parties to an appeal by one co-owner. The argument is that it would be impossible to serve the soldier co-owners if a civilian co-owner wanted to appeal and the soldiers did not. It would be a sufficient answer to this argument to state that the Soldiers' and Sailors' Civil Relief Act is for the benefit of the party in service only. We so held in Heck v. Anderson, supra; 234 Iowa 379, 386, 12 N. W. 2d 849, 853, where we said:

"It is doubtful if any case can be found that holds the legislation can be invoked for the benefit of any party except the person in service."

See, also, Patrikes v. J. C. H. Service Stations, 180 Misc. 917, 41 N. Y. S. 2d 158; B & B Sulphur Co. v. Kelley, 61 Cal. App. 2d 3, 141 P. 2d 908.

Moreover, it does not appear at this stage of the proceedings that service upon the soldier co-owners will be an "impossibility." Section 7839 provides for service of notice of appeal within thirty days after the assessment. But this

was amended by chapter 203, Acts of the Forty-seventh General Assembly, by adding in part thereto the following:

"When service of notice of appeal cannot be made as provided in this section [7839], the district court of the county in which the real estate is situated, or a judge thereof, on application, shall direct what notice shall be sufficient."

This is now in section 7839.1, Code of 1939. Under this section the civilian co-owners can no doubt secure an order which will enable them to serve the soldiers with notice of appeal that will be sufficient.

III. Another proposition urged by plaintiffs concerns the published notice upon Helen. Perhaps this is moot, for the injunction against the July 7th appraisal was granted, but because we believe the plaintiffs were right with respect to their contentions concerning this notice we desire to comment upon it. There was no affidavit filed with the sheriff to the effect that personal service could not be had on Helen Bestenlehner in Iowa. Section 7829, Code of 1939, providing for the notice to the owners of the appraisal of damages, ends with this sentence:

"Such notice shall specify the day and the hour when the commissioners will view the premises, *and be served in the same manner as original notices.*" (Italics supplied.)

The reference is to chapter 489, providing for the manner of serving original notices. In this chapter is section 11081, providing for service by publication "when an affidavit is filed that personal service cannot be made on the defendant within this state." Rule 60, Iowa Rules of Civil Procedure, which supersedes the above statute, provides for service by publication in actions against nonresidents of Iowa, "After filing an affidavit that personal service cannot be had on an adverse party in Iowa." Defendants argue that no affidavit need be filed because section 7833, in the chapter on condemnation, provides that if the owner is a nonresident, the notice of appraisal shall be published once a week for four weeks prior to the day fixed for hearing and there is no provision for the filing of an affidavit.

Condemnation statutes are to be strictly construed. 29 C. J. S. 806, section 22. And the statutes providing for the exercise of the power of eminent domain must be strictly complied with. Hoyt v. Board of Supervisors, 199 Iowa 345, 202 N. W. 98. We have often held that the filing of the affidavit before publication, under section 11081, is jurisdictional. See Manion v. Brady, 158 Iowa 306, 308, 138 N. W. 558, and cases there cited. A strict construction of the statutes governing the condemnation proceedings requires that the manner of service be governed by the statutes relating to original notices. It is immaterial that original notices refer to court actions filed in the county clerk's office. The reference in section 7829 warrants the conclusion that notice of a proceeding which emanates from the sheriff's office will be the same as to manner of service. We construe this to require the filing of the affidavit with the sheriff that personal service cannot be had on an owner in Iowa. We find no merit in the argument that no affidavit is required because not provided for in section 7833. Defendants argue that if such affidavit is required there was compliance here because the sworn application that was filed by the city attorney with the sheriff listed the owners and their post-office addresses and this listed Helen Bestenlehner, Washington, D. C. The application was not a sufficient compliance with a requirement for an affidavit that personal service could not be had on an owner in Iowa. The notice in condemnation is the commencement of the action that deprives an owner of his property. The legislative direction to serve this in the manner of original notices is perfectly consistent with the nature of the proceedings which so nearly correspond to court actions, frequently instituted for a similar purpose. The trial court found against plaintiffs on this issue, holding that the filing of the affidavit would be an "idle ceremony." But the finding was not specifically incorporated in the decree and the decree did enjoin the July 7th assessment. What we have said would merely furnish an additional ground for enjoining the July 7th assessment so there is no need to remand the case to include an additional ground, especially as a motion filed in this court shows that the notice upon Helen Bestenlehner for a later assessment was personally served. The

28

chief controversy concerns the refusal to stay the proceedings under the Soldiers' and Sailors' Civil Relief Act. Finding no abuse of discretion in the trial court's ruling denying the stay, we affirm the same.—Affirmed.

All JUSTICES concur.