DOROTHY McGLYNN, Plaintiff, *v.* MICHAEL McGLYNN, Defendant.

Supreme Court, Special Term, New York County, May 13, 1942.

*Julius J. Abeson,* for the plaintiff.

*A. Alfred Conrad,* for the defendant.

SCHMUCK, J.   The defendant craves the court's forbearance and seeks to be relieved from the necessity of paying alimony. This embarrassing obligation has become particularly irksome because the beneficiary obviously is utilizing at least a part of the alimony to prosecute a divorce action in another State where dissolution *a vinculo* is now easily obtainable.

Aside from the intriguing question of law created by the conduct of the plaintiff in leaving the jurisdiction and instituting another matrimonial action and the effect thereof on the decree of this court, a more appealing situation is presented.   The defendant at this writing is probably a member of the armed forces of our country and it is hoped willingly and anxiously preparing himself to defend the American way of life, even though at this moment he may feel disappointed and chagrined in suffering a judgment against him impugning his marital integrity.   The compensation he receives while so engaged makes obedience with the order herein impossible unless he has other income.   Evidently he is not so fortunate for the record discloses that he borrowed money to pay arrears and that his salary was garnisheed by the plaintiff.   Furthermore, before his induction into the Army he lost his position.   That his sole income for the duration of the war, provided Fate is kind, will

be the gratuity his country grants him is beyond cavil and that it is actually and wholly needed by him is undebatable. Under the circumstances to be blind to his difficulty would be unpardonable. There are times when justice must remove the blindfold even though the letter of the law be aggrieved. The spirit of the law is glorified and respect and willing obedience are enhanced when true justice prevails.

In releasing him *pro tempore* the resulting condition of the plaintiff is not forgotten. Even though she is wholly dependent on the alimony, there exist public agencies to which as the wife of a soldier she may apply and receive relief. At all hazards every inhibition must be deferred so that he is physically, mentally and spiritually free to devote himself to the greatest task ever to confront him and his country.

Motion granted so far as to suspend the operation of the order affected by his application so long as the defendant is in the service of our country. Settle order.