## BOWSMAN v. PETERSON.

### No. 280 Civil.

District Court, D. Nebraska,
Omaha Division.

May 22, 1942.

742

Ray Licklider, of Council Bluffs, Iowa, and Lee & Bremers, of Omaha, Neb., for plaintiff.

Reed, Ramacciotti & Hruska, of Omaha, Neb., for defendant.

DELEHANT, District Judge.

In an action to recover judgment for personal injuries and property damage allegedly resulting from an automobile collision, the defendant, upon written motion, supported by affidavits, seeks a stay of proceedings under the provisions of the Soldiers and Sailors Civil Relief Act of 1940, 50 U.S.C.A.Appendix § 521 et seq., for the period of his military service in the United States Army into which he has been inducted since the institution of the suit, and for three months thereafter.

Counsel for the parties have submitted the issue to the court by oral argument. Without neglecting the possibility that recourse to the indulgence of the act may be available, and actually had, in many instances where the legitimate protection of the person in the country's service is more apparent than real, the court is convinced that the stay must be allowed; and the motion is, therefore, being sustained.

█ It has been said that, ordinarily, "to be a sufficient ground for a continuance, it must appear that the absence of a party is unavoidable and not voluntary, that the party's presence is necessary, that the application is made in good faith, and that the party will be able to attend at some reasonable future time." 17 C.J.S., Continuances, § 27, p. 210 (see also 9 R.C.L. 551, Title Continuances Sec. 8).

In this instance, the inevitability of absence must be affirmed upon the premise of the national emergency, irrespective of the basis of the defendant's induction into the military service. The necessity of the presence of a party at the trial of a civil action for damages against him is admittedly not absolute, but it is at least reasonable. Within due limitations, he ought to be allowed to testify personally before the jury rather than through the notoriously indifferent medium of deposition. He should be allowed to scrutinize the jury list, to confront the jury as it is empanelled to observe the responses of its members on the voir dire examination, to make suggestions and have them and his preferences and his possible relation to the jurymen considered, in the very important step of peremptory challenges. He should, if reasonably possible, have the opportunity to be personally before the court and the jury during the entire progress of his trial, manifesting his interest in its event and allowing those charged with the burden of decision to observe him, either for his advantage or to his possible detriment. The good faith of the present application is not seriously in question. As to the

defendant's probable attendance upon trial "at some reasonable future time", the court, in the current circumstances, will abstain from clairvoyance; but will give the applicant the full benefit of any uncertainty upon the point.

So, even in the absence of a controlling statute, the court would be disposed to grant some indefinite and discretionarily terminable continuance upon the defendant's request. Both upon considerations of general judicial discretion and on the basis of precedent such indulgence may be supported.

But here the statute seems to be imperatively controlling both as to the necessity for the stay, 50 U.S.C.A. Appendix § 521, and for practical purposes, as to its duration, 50 U.S.C.A.Appendix § 524. ■ By Sec. 524, it is provided that "Any stay of any action * * * ordered by any court under the provisions of this Act may, except as otherwise provided, be ordered for the period of military service and three months thereafter or any part of such period * * *". It is true that the language is permissive. But it is likewise obvious that it reflects an instructive legislative policy to place the person engaged in the military establishment beyond the effect of the urgencies and uncertainties of pending litigation, and to allow him a reasonable period following his discharge to reorient himself with a view to the trial of his cause. So, if a continuance is in order, there would seem to be a rather clear congressional intimation that in the ordinary case it should be granted in general terms for the duration of the applicant's service and three months thereafter." It is presently impracticable to attempt to limit stays, except in extraordinary cases, to "any part of such period".

Section 521 deals with the conditions under which a stay of proceedings will be allowed. It provides that: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, he stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense

is not materially affected by reason of his military service."

■ In this case the defendant has applied for a stay of proceedings. He has, therefore, removed the question of allowing a stay from the field of the court's discretion (if, indeed, it be considered that, circumstances suggesting a stay being available, there is ever any real discretion to deny a stay) and made the allowance of a stay mandatory, "unless, in the opinion of the court, the ability of * * * the defendant to conduct his defense is not materially affected by reason of his military service." That language of the Act appears to the court to impose upon the party resisting the application for stay the burden of satisfying the court of the absence of material impairment by military service of the defendant's ability to defend himself.

No attempt has been made here towards such a showing; and the court can not readily comprehend how such attempt could ordinarily be successful, or the showing made in furtherance thereof persuasive.

■ The Soldiers and Sailors Civil Relief Act of 1940 (in like manner with all similar previous acts in our history) was prompted by at least two considerations, first, the maintenance in the armed forces of a reasonable measure of that unbothered serenity and security in respect of personal responsibilities which effectively promotes military efficiency and the national defense; and secondly, the assurance that in the field of individual justice no advantage in judicial proceedings by or against a soldier or sailor will result from his absorption in his country's defense.

The soldier or sailor in seasons of war has neither time nor mental aptitude for litigation. Without unnecessary discussion, it may simply be stated that while the Act recognizes that in some instances "the ability of * * * the defendant to conduct his defense is not materially affected by reason of his military service", such instances will be relatively rare. And the court is not made aware of any circumstances upon which it may be concluded that this is one of them.

There is nothing novel either in the legislation which the defendant now invokes, or in the policy of judicial and social indulgence towards the absent soldier. Only

presumption would impel a judge, in a memorandum of this character, to assemble from legal and general literature the abundant examples of the latter grace. And as to the former, it will be sufficient merely to mention the numerous statutes enacted during the Civil War upon the point (vide: 13 C.J. 143, Title, Continuances Sec. 42(2), Note 68 and cases cited; 17 C.J.S., Continuances, § 30) and the more recent Soldiers and Sailors Civil Relief Act of 1918, 50 U.S.C.A.Appendix § 101, et seq., especially Secs. 112 and 115.

It may be granted that a continuance will probably operate at least temporarily and perhaps permanently to the disadvantage of the plaintiff. That result is unfortunate. But it is a reasonable exaction by society from one of its members for its own preservation; a proper imposition by the state upon an individual citizen in the course of its discharge of its constitutional obligation to "provide for the common Defence".