VESTA RATLIFF, Appellant, v. LOUIS RATLIFF, Appellee.

No. 46511.

JULY 28, 1944.

J. A. Williams, of Council Bluffs, for appellant.

George H. Mayne II, of Council Bluffs, for appellee.

Kimball, Peterson, Smith & Peterson, of Council Bluffs, for Mabel Ratliff.

WENNERSTRUM, J.—This appeal is presented to us as the result of an order made by the trial court granting a stay of proceedings in an action brought to modify a decree of divorce wherein the custody of a minor child was sought to be changed. The plaintiff, former wife of the defendant, sought the modification of the decree. Application was made on behalf of the defendant, a member of the armed forces of the United States, for a stay of the proceedings under the Soldiers' and Sailors' Civil Relief Act of the United States, 50 U. S. C., section 521. The trial court ordered the proceedings stayed. The plaintiff has appealed.

The record presented to this court discloses the following facts: The appellant in this appeal obtained a decree of divorce on September 11, 1942, from the appellee. Prior to the submission of the divorce action and the obtaining of the decree of divorce, the appellant and appellee entered into a stipulation which provided in substance that the custody of Terrance Riley Ratliff, minor child of the appellant and appellee, "shall be vested in the District Court of the State of Iowa in and for the 15th Judi-

cial District and that pending further orders of this Court with respect to such custody, said child shall be placed under the care and control of Walter and Nellie Lancaster, husband and wife, respectively brother-in-law and sister of the defendant, subject, however, to the right of either party hereto to visit said child at reasonable times and under all reasonable circumstances, with the further right of either party hereto to take said child to all proper places of amusement.''

The petition and application for modification of the decree, as presented by the appellant, stated that at the time of the stipulation agreement and the obtaining of the divorce decree the appellant was temporarily located at Iowa City, Iowa, where she was then taking a nurses' training course. Appellant further stated that it was agreeable to her at that time that the temporary care and custody of her minor child be vested in the district court of Pottawattamie county but that it was not her intention that such arrangement should continue indefinitely and beyond the time when she might become permanently located and be in a position to provide a suitable home for herself and child. She further alleged in her petition for modification of the divorce decree that it was not contemplated in the decree of divorce and stipulation to give to Walter and Nellie Lancaster any right to demand the care and custody of said minor child to the exclusion of either of the parties to the divorce action, and that the stipulation was for the sole and only purpose of suggesting to the court some person reasonably suitable where said child might be temporarily placed pending the time that further arrangements might be made relative to the custody of the child. She further stated that she is now regularly employed at a wage that will enable her to support herself and to provide proper care for the child. It is further stated that the appellant now resides with her mother, who owns and operates a convalescent home in Council Bluffs, Iowa, and that the conditions and environment of that home are such that the minor child would be afforded the best of care and attention if given to the mother. It is also stated that the appellant is the mother of another child, Connie Joyce, approximately four years of age, and it is desirable that the two children be reared in the companionship of each other. The appellant further alleged that she is a proper

and fit person to have the care, custody, and control of her own child to the exclusion of all other parties, and asked that the district court be relieved from any further duty and responsibility in connection with the care, custody, and control of Terrance Riley Ratliff.

In the petition and application for modification of the decree of divorce it is further alleged that the appellee, Louis Ratliff, is now in the armed forces of the United States and the appellant asked the court to appoint competent counsel to appear for him.

Thereafter the trial court appointed George ·H. Mayne II as attorney for the appellee, with authority to appear for him and in his behalf. This attorney filed a resistance to the application for modification of the divorce decree, wherein he denied the averments of plaintiff's petition for modification. Prior to the time set for hearing upon plaintiff's application for modification of the divorce decree there was filed in this action by Mabel Ratliff, mother of the appellee, Louis Ratliff, an application for a stay of proceedings. In this application Mabel Ratliff stated that her son had been in the military service for more than one year prior thereto, and since March 1943 had been continuously in Africa and other foreign countries; that she had been unable to contact her son and advise him of the pending action; that under the provisions of 50 U. S. C., section 521, which is known as the Soldiers' and Sailors' Civil Relief Act of 1940, the court could not properly proceed to hear the application for modification of the divorce decree in the absence of the appellee, and she therefore prayed that the proceedings be stayed during the period of the military service of the appellee or within sixty days thereafter.

On November 1, 1943, the application filed on behalf of the appellee for a stay of proceedings in this matter came on for hearing before the trial court. At that time appellant's counsel offered to prove the allegations of her application for modification of the divorce decree but by reason of the application for a stay of proceedings as filed on behalf of appellee the court rejected the offer of any proof sought to be presented by the appellant and granted the stay as requested.

This court, within recent months, has passed upon two cases wherein it discussed the question as to the right to a stay of pro-

ceedings filed on behalf of a party to litigation who is in the military service of the United States. These two cases are Semler v. Oertwig, 234 Iowa 233, 12 N. W. 2d 265; Heck v. Anderson, 234 Iowa 379, 12 N. W. 2d 849. A study of these two opinions, the first one written by Justice Bliss and the second one written by Chief Justice Smith, discloses that it is the holding of this court, in keeping with the holdings of courts generally, that the facts presented in each case and as applied to the particular statute here involved should be given liberal consideration.

In the case of Semler v. Oertwig, supra, at page 241 of 234 Iowa, pages 269, 270 of 12 N. W. 2d, this court stated:

"It has uniformly been the holding of all courts that such legislation should not be construed narrowly or technically, but broadly and liberally, to effect its purpose to protect both the nation and the interests of those engaged in its defense, keeping in mind, nevertheless, that it is to be used as a shield for defense, and not as a sword for attack, or as an instrument for the oppression of opposing parties. Continuances under the Act will necessarily delay the determination of matters in litigation, and may perhaps result in injury to the party resisting the continuance. Such inconveniences and injuries are to be deplored but they are sacrifices which must be made for the common good. As said in Bowsman v. Peterson, supra, 45 F. Supp. 741, 744, such a result is a reasonable exaction by society from one of its members for its own preservation; a proper imposition by the state upon an individual citizen in the course of its discharge of its constitutional obligation to 'provide for the common Defence.'"

This court, in the case of Heck v. Anderson, supra, at page 387 of 234 Iowa, page 853 of 12 N. W. 2d, in further commenting upon the application of the principle of liberal interpretation of the facts in each particular case to the Federal Act in question, stated:

"Back of the undoubted solicitude shown in this act for the interest and welfare of the man in service are the 'defense needs of the nation.' While the man is the immediate beneficiary, the whole theory of and justification for the legislation is concern for the *public* interest. The court should rigorously uphold the individual's right, not merely because of his sacrifices and service

but because of the nation's interest in maintaining the highest possible degree. of effectiveness in the performance of that service.''

Section 521 of the Soldiers' and Sailors' Civil Relief Act has been heretofore incorporated in its entirety in the prior opinions of this court and we shall not here repeat it. However, it should be kept in mind that under the provisions of that act, proceedings in any court in which a person in military service is involved shall, on application to the court by such person or some person on his behalf, be stayed, unless, in the opinion of the court, the ability of a party to prosecute an action or to conduct his defense .is not materially affected by reason of his military service. It has been generally held that it was within the discretion of a court to decide whether or not the party would be materially affected in his ability to prosecute or defend an action by reason of his military service. In the instant case we are satisfied that the appellee's ability to properly present his side of the case would be materially affected by his inability to be present and to participate in proceedings wherein the permanent custody of his child might be decided. We have also concluded that no action should be taken, particularly in litigation of this character, which would disconcert or disturb one in present military service and thereby prevent him from giving full attention to his military duties. It is our conclusion that a hearing on an application to change the status of the custody of the child born to appellee and appellant, while appellee is in military service and when he is not in a position to personally be present, would materially affect his right to properly present his side of the case and would have a disturbing and emotional effect upon him. This should not be permitted. The court did not abuse its discretion in granting the stay applied for on behalf of the soldier father.

There are innumerable cases that might be cited in support of our conclusions. To do so would merely repeat citations which are referred to in our two previously mentioned cases. However, we do here incorporate the comments of other courts which we believe give further support to our present holding.

In the case of Solomon v. Solomon, 319 Ill. App. 618, 622, 49 N. E. 2d 807, 808, the question of the custody of a minor child was involved. In this last-referred-to case, it is stated:

"Nor is it of minor importance that men in the service should be relieved of unnecessary worry over existing relationships at home. Defendant is greatly exercised over the refusal of plaintiff to allow his son to visit the paternal grandparents for a short period each week and thus preserve the principal contact which he has with him. Under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended (sec. 201, 50 USCA, Appendix, sec. 521), courts are empowered to defer litigation involving men in the service. The underlying purpose of that act is not only to preserve their rights and property interests during their absence, but to remove every inhibition which would interfere with their full devotion to the important tasks at hand. The policy of the courts is well expressed in the recent case of McGlynn v. McGlynn [178 Misc. 530], 35 N. Y. S. (2d) 6 [7] (decided May 13, 1942), wherein the court suspended operation of an order requiring a husband in military service to pay alimony to his wife, with the following comment: 'At all hazards every inhibition must be deferred so that he is physically, mentally and spiritually free to devote himself to the greatest task ever to confront him and his country.' "

A further statement which supports the conclusions of this court is found in Bowsman v. Peterson, D. C., Neb., 45 F. Supp. 741, 743, where it is stated:

"The soldier or sailor in seasons of war has neither time nor mental aptitude for litigation. Without unnecessary discussion, it may simply be stated that while the Act recognizes that in some instances 'the ability of * * * the defendant to conduct his defense is not materially affected by reason of his military service', such instances will be relatively rare. And the court is not made aware of any circumstances upon which it may be concluded that this is one of them.

"There is nothing novel either in the legislation which the defendant now invokes, or in the policy of judicial and social indulgence towards the absent soldier. Only presumption would impel a judge, in a memorandum of this character, to assemble from legal and general literature the abundant examples of the latter grace. And as to the former, it will be sufficient merely to mention the numerous statutes enacted during the Civil War

1178

upon the point (vide: 13 C. J. 143, Title, Continuances Sec. 42 (2), Note 68 and cases cited; 17 C. J. S., Continuances, §30) and the more recent Soldiers and Sailors Civil Relief Act of 1918, 50 U. S. C. A. Appendix §101, et. seq., especially Secs. 112 and 115.''

Statements from numerous other cases might be here incorporated, but for the purpose of brevity we merely cite the following additional cases, which support our conclusions herein announced: In re Adoption of a Minor, 78 U. S. App. D. C. 48, 136 F. 2d 790; Johnson v. Johnson, 59 Cal. App. 2d 375, 139 P. 2d 33, 39.

Upon consideration of the question of the propriety of the trial court in granting the stay of proceedings, we have come to the conclusion that it entered a proper order and that it should be affirmed.—Affirmed.

All JUSTICES concur.