RUTH & CLARK, INC., Appellant, v. KENT EMERY et al., Appellees.

No. 46609.

OCTOBER 17, 1944.

Emmert, James, Needham & Lindgren and Lorna L. Williams, all of Des Moines, for appellant.

Frank W. Davis and Davis, McLaughlin & Hise, all of Des Moines, for Robert J. Fitz, appellee.

132

HALE, J.—■  · The, question herein arises out of an appeal from an order staying proceedings in an equity case for foreclosure of mechanic's lien and other equitable relief.

On October 26, 1943, defendant Robert J. Fitz filed in the district court application for stay of proceedings under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940 [50 U. S. C., sections 501 et seq.]. This application was resisted but on hearing the district court sustained the application and entered an order staying proceedings in the entire case. From the order of May 15, 1944, staying proceedings, plaintiff, on June 2, 1944, served notice of appeal to this court.

The motion to dismiss the appeal is based on the ground that the order appealed from is an interlocutory order and is not appealable under the provisions of Rule 331(b), Iowa Rules of Civil Procedure, except as provided by Rule 332(a). Rule 331(b) is as follows:

"No interlocutory ruling or decision may be appealed, except as provided in Rule 332, until after the final judgment or order. No error in such interlocutory ruling or decision is waived by pleading over, or proceeding to trial. On appeal from the final judgment, such ruling or decision may be assigned as error; where shown to have substantially affected the rights of the complaining party."

Rule 332(a) reads:

"Any party aggrieved by an interlocutory ruling or decision, including one appearing specially whose objections to jurisdiction have been overruled, may apply to the Supreme Court or any Justice thereof to grant an appeal in advance of final judgment. Such appeal may be granted, after notice and hearing as provided in Rules 347 and 353, on finding that such ruling or decision involves substantial rights and will materially affect the final decision, and that a determination of its correctness before trial on the merits will better serve the interests of justice."

The motion further sets out that appellant has not complied with Rule 332(a), in that appellant failed to apply for an order

to appeal in advance of final judgment and obtained no such order. The petition to dismiss appeal further states that appellee, Robert J. Fitz, is in the armed forces of the United States.

The first contention, that the order appealed from is interlocutory, we believe is justified. A decree or order is interlocutory if it does not dispose of the cause or if an inquiry as to matter of law or fact is directed preparatory to a final decision. It is very plain that the order in this case does not dispose of the case.

As an interlocutory order, it was appealable only on the conditions set out in Rule 332(a). These conditions were not complied with. So far as this appeal is concerned, no defendant has been brought into this court. We see no reason why any defendant in the original proceeding may not call this court's attention to the fact that the appellant has not the right to be heard on appeal from this interlocutory order, nor any reason why this court on its own motion may not hold that under the record the order is not appealable on account of failure to observe the necessary conditions set out in the rule. This rule is designed to prevent, so far as is possible, unnecessary litigation on appeal, by requiring all questions that can be so presented to be determined in one appeal. It has a useful purpose and should be observed. The exception to Rule 331(b) provided by Rule 332(a) secures to an appellant ample opportunity to have his rights on an interlocutory order preserved when it is found by this court or a justice thereof that a determination of the correctness of the order appealed from will better serve the interests of justice. There are other conditions in Rule 332(b) which may be prescribed in granting such appeal. An appeal of this kind without the preliminary order, and with no opportunity given this court to prescribe necessary conditions, should not be heard.

Appellant cites cases where an order to stay proceedings has been appealed to and decided by this court. In Semler v. Oertwig, 234 Iowa 233, 12 N. W. 2d 265, it appears that the appeal was under the former statute, as also this appears to be the case in Heck v. Anderson, 234 Iowa 379, 12 N. W. 2d 849. In Ratliff v. Ratliff, 234 Iowa 1171, 15 N. W. 2d 272, the question of the

right to appeal was not considered and does not appear from the opinion to have been raised. In other cases, however, we have mentioned that the right to appeal has been granted. See State v. Winneshiek Co-Operative Burial Assn., 234 Iowa 1196, 15 N. W. 2d 367.

Appellant urges that Rule 331 applies only where one may plead over or proceed to trial. With this we disagree. This provision of the rule applies only to waiver of error where one does plead over or proceed to trial.

II. Appellant failed to apply to the supreme court or a judge thereof for permission to grant an appeal in advance of final judgment. We cannot find that the record warrants an order nunc pro tunc granting authority to appeal the order to stay proceedings at this time. It is true that a court may make orders nunc pro tunc, but this is only done to show now what was actually done then, and its function is not to change but to show what took place. The application for an order to correct the record to show an application which was not made cannot be entertained. See State v. Frey, 206 Iowa 981, 221 N. W. 445, and cases cited. See, also, Rule 341, Rules of Civil Procedure.

Other matters are set out in resistance to the motion but do not apply to the question here, which is, Is the appellant entitled under the record, without preliminary order, to be heard here on appeal from the order staying proceedings? We must hold that it is not. We see no waiver in the fact that defendant's counsel took part in perfecting the record, a duty he should perform in the event of a proper appeal. Neither could counsel waive the necessity of a preliminary order.

It is to be understood that we are not passing upon the merits of the order granting a stay of proceedings. We are considering only the question of whether an appellant can appeal to this court from an interlocutory order without the required authorization. So that much of the argument as to the order itself does not apply.

For the reasons set out, our conclusion is that the motion to dismiss appeal should be, and is, sustained.—Appeal dismissed.

All JUSTICES concur.