IN RE ESTATE OF CHARLES STARLIN.

APPEAL OF COUNCIL BLUFFS INVESTMENT COMPANY from order
striking its resistance to application and claim
regarding exempt property.

No. 47548.

(Reported in 40 N.W. 2d 1)

DECEMBER 13, 1949.

Wright & Kistle, of Council Bluffs, for appellant.

Stipe, Davidson & Hemphill, of Clarinda, for appellee.

MANTZ, J.—Charles Starlin died and his widow filed a claim asking that the administrator be required to turn over to said widow the proceeds of certain claimed exempt property, alleging that the administrator was wrongfully withholding the same. The Council Bluffs Investment Company, a creditor, filed a resistance to such claim. Upon motion of the widow the same was stricken and this appeal followed.

Charles Starlin died intestate on January 16, 1948. An estate was at once opened, an administrator appointed, notice was given, and said estate is still pending.

On March 20, 1948, the Council Bluffs Investment Company filed a claim against said estate as the holder of certain notes for which the estate was liable. This claim was not allowed and no steps have been taken to establish it. No objections have been filed thereto by the administrator.

On August 6, 1948, the widow, Orpha Starlin, filed a claim alleging that certain personal property which was exempt to her as widow had been sold by the administrator and she asked that the proceeds from such sale be declared to belong to her.

On October 6, 1948, a hearing was commenced on such application but same was continued and on the date of this appeal had not been ruled upon.

On January 26, 1949, the Council Bluffs Investment Company filed a resistance to the claim of the widow for the proceeds of exempt property.

On February 23, 1949, Orpha Starlin, the widow, filed a motion to strike said resistance, alleging various grounds therefor, among which was that the said investment company had not proved up its claim filed on March 20, 1948; had no standing in court; and was a mere interloper. On March 21, 1949, Orpha Starlin amended her said motion to strike and set out two additional counts therein.

On March 21, 1949, the Council Bluffs Investment Company filed a resistance to said motion to strike, setting out various grounds therein, among which was that said motion to strike was in effect a "speaking demurrer" and should not be considered.

On April 1, 1949, the trial court sustained the motion to strike said resistance of the Council Bluffs Investment Company.

The essence of the court's ruling on said motion is set forth in the following paragraphs:

"It appears to the court from the record that while the claim of the Council Bluffs Investment Company was filed within six months from the date of the appointment of the administrator of this estate, that the same was never allowed by the administrator, nor did the claimant make any effort of any kind to have the same presented to the court for allowance.

"It is the opinion of the court that said claimant has no right to appear herein and file the said resistance for the reasons set out in the motion to dismiss and amendment thereto, and for the further reason that the Council Bluffs Investment Company's claim has never been allowed either by the administrator or by the court.

"The motion of Orpha Starlin to dismiss the said resistance is therefore sustained, and the Council Bluffs Investment Company is given an exception."

On April 29, 1949, the Council Bluffs Investment Company gave notice of appeal to this court. Said notice recites that it has appealed from the ruling of the court sustaining the motion to strike its resistance to the claim of Orpha Starlin. Said notice contains the following:

"You and each of you are further notified that the Council Bluffs Investment Company has appealed and does hereby appeal to the Supreme Court of the State of Iowa from any and all subsequent orders, if any, made by the court with respect to the Application and Claim of the said Orpha Starlin."

Many questions have been raised in this appeal—the question as to whether the Rules of Civil Procedure apply in probate proceedings; that appellee's motion to strike was in effect a speaking demurrer; that appellant had a right to make resistance to appellee's claim and that in so doing was not an interloper. The appellee relied upon several propositions for affirmance of the ruling of the court, one of which was that this was an appeal from an interlocutory order of the trial court, and was made without order of the supreme court allowing such appeal, contrary to rules 331 and 332, R.C.P., relating to appeals.

I. We are of the opinion that there is merit to the ground urged by appellee and last above set forth.

The provision relating to interlocutory appeals and the procedure therein has been before this court a number of times since the Rules of Civil Procedure were adopted in 1943. Among the cases dealing with that matter are the following: Stolar v. Turner, 1945, 236 Iowa 628, 19 N.W. 2d 585; Ruth & Clark, Inc. v. Emery, 235 Iowa 131, 133, 15 N.W. 2d 896, 898; Phillips v. Catterson, 235 Iowa 715, 719, 17 N.W. 2d 517, 520; In re Estate of Swanson, 239 Iowa 294, 31 N.W. 2d 385; Hubbard v. Marsh, 239 Iowa 472, 32 N.W. 2d 67.

 In the case of Ruth & Clark, Inc. v. Emery, supra, Justice Hale in speaking of an interlocutory order stated: "A decree or order is interlocutory if it does not dispose of the cause or if an inquiry as to matter of law or fact is directed preparatory to a final decision."

In Phillips v. Catterson, supra, it was stated by Justice Miller: "The New Century Dictionary defines the word interlocutory as 'pronounced during the course of an action * * * not finally decisive of a case * * * pertaining to a provisional decision.'" This definition was affirmed in the case of Stolar v. Turner, supra. There was a further discussion of this matter in In re Estate of Swanson, supra. In that case there was an ex parte order allowing attorney fees for proponents of a will. A family settlement disregarding the will was upheld. The administrator appealed and there was a motion by proponents to dismiss on the ground that such attorney-fee allowance was not a final order and that the administrator had not been authorized by the supreme court to take such appeal. This court ruled that the ex parte order was not a final order and that as no permission had been given to appeal it should be dismissed. The court stated that a final judgment was one that finally adjudicated the rights of the parties, citing Whittier v. Whittier, 237 Iowa 655, 23 N.W. 2d 435. This case further referred to our holding in Stolar v. Turner and in Phillips v. Catterson, both supra, and adopted the definition of "interlocutory" as "not finally decisive of a case."

 In the light of these holdings let us examine the record. The estate was opened, an administrator appointed, appellant as a general creditor filed an unsecured claim against the estate

shortly after it was opened—the claim was denied by operation of statute. (Section 635.57, Code of 1946.)

Nothing was done to bring this claim on for hearing. It is still pending and undetermined. Trial was commenced on the claim of the widow, appellee, to require the administrator to turn over to her the proceeds of sale of exempt personal property, but when the appellant filed its resistance to her claim, for some reason that hearing was continued. So far as the record shows the matter of the determination of her claim is still under consideration by the trial court. What disposition is made of that matter by the trial court cannot be inquired into at this time by this court. The record shows that the administrator did not object to appellee's claim or file any special defense thereto. The resistance filed called to the attention of the trial court the status of appellant's claim, also that of appellee. With this state of the record we think that the administrator could still plead opposition to either by general or special defenses. The striking of the resistance to appellee's claim cannot be a finality "decisive of a case." The appellant took exception to the court's ruling and this preserves its point and may be urged in any final appeal. Appellee may be required to furnish additional evidence to sustain her claim as to such exempt property.

While appellee has not filed a motion to dismiss because of the failure to consider rules 331 and 332, R.C.P., yet it has been argued.

We hold that the court's ruling striking appellant's resistance to appellee's claim was not a final judgment. Because of the failure of appellant to obtain permission to appeal we are without jurisdiction to consider it.

We hold that the order of the trial court sustaining appellee's motion to strike the resistance filed by appellant to appellee's application to set off to said appellee the proceeds of property exempt to her as the widow of deceased, Charles Starlin, was an interlocutory order and that an appeal therefrom could only be taken by a compliance with rules 331 and 332, R.C.P.

There is nothing in the record to show that there was any attempt to comply with rule 332 which states:

"Any party aggrieved by an interlocutory ruling or decision * * * may apply to the supreme court or any justice thereof to

grant an appeal in advance of final judgment. Such appeal may be granted, after notice and hearing * * *."

Appellant argues that the order of the trial court striking the resistance of appellant was a final order and therefore no permission to appeal was required.

We are unable to agree to this argument. This ruling renders it unnecessary for us to consider the other questions raised. —Appeal dismissed.

All JUSTICES concur.