VIRGIL HAGMEIER, appellee, v. DRYDEN RUBBER DIVISION OF SHELLER MANUFACTURING CORPORATION, employer, and LUMBERMEN'S MUTUAL CASUALTY COMPANY, insurance carrier, appellants.

No. 48520.

(Reported in 66 N.W.2d 111)

1122

SEPTEMBER 21, 1954.

Boyd, Walker, Huiskamp & Concannon, of Keokuk, for appellants.

Charles P. Beard, of Keokuk, for appellee.

HAYS, J.—Appeal from an order of the district court in a Workmen's Compensation case. On review by the commis-

sioner, the arbitrator's award of $28 per week for about six weeks was affirmed. The district court on appeal found the evidence sufficient to sustain the finding of the commissioner that the claimant had sustained a compensable injury. It also found the record to be entirely devoid of competent evidence as to any period of disability and as to the amount of compensation claimant was receiving at the time of the injury. The trial court entered the following order: "* * * It is therefore ordered that to the extent that the order of the commissioner fixes the rate of compensation and the term of disability, and makes a specific award based thereon, the same is hereby set aside, and *this cause is hereby remanded to the commissioner for further proceedings* in accordance with law. Nothing contained herein is intended as an expression of opinion as to the character or duration of claimant's disability." (Italics ours.)

Appellants received a certificate from the trial court, under rule 333, R.C.P., and has appealed from the order above set forth. Three propositions are advanced for a reversal: (1) No competent evidence of any compensable injury. (2) No competent evidence from which compensation could be calculated. (3) Error in remanding the cause to the commissioner as it should have reversed the award.

At the outset we are confronted with a jurisdictional question although the same is not raised by the appellee on this appeal.

██ The right of a litigant to an appeal is statutory and in civil cases is governed by our Rules of Civil Procedure. Rule 331 (a) provides that all final judgments and decisions of courts of record may be appealed to this court except as provided in said rule and rule 333. It further provides (subdivision b) that no interlocutory ruling or decision may be appealed, except as provided in rule 332, until after the final judgment or order, and on appeal from the final judgment such interlocutory ruling may be assigned as error. Rule 332 (a) provides that any party aggrieved by an interlocutory ruling may apply to the Supreme Court to grant an appeal in advance of final judgment.

██ Compliance with rule 332 is mandatory and only after such compliance has this court jurisdiction to entertain the ap-

peal, Hubbard v. Marsh, 239 Iowa 472, 32 N.W.2d 67, and this is true though no issue is thus raised by the appellee. Wilson v. Corbin, 241 Iowa 226, 40 N.W.2d 472. In the instant case it is conceded that there has been no compliance with rule 332.

■ The order appealed from is clearly interlocutory. In Ruth & Clark, Inc. v. Emery, 235 Iowa 131, 133, 15 N.W.2d 896, we said an order or judgment "is interlocutory if it does not dispose of the cause or if an inquiry as to matter of law or fact is directed preparatory to a final decision." In re Estate of Swanson, 239 Iowa 294, 31 N.W.2d 385, holds a "final decision" to be one that finally adjudicates the rights of the parties and puts it beyond the power of the court which made it to place the parties in their original condition or puts the case out of court, while an "interlocutory order" is one that is not finally decisive of the case. See also In re Estate of Starlin, 241 Iowa 72, 40 N.W.2d 1.

■ In a case such as is before us, the purpose of the hearing before the commissioner is to determine and establish a definite amount, if any, to which a claimant is entitled to receive under the terms of the statute, chapter 85, Code of 1954. This the commissioner did in the amount of $28 per week for about a six-week period. But for the appeal to the district court, this award was final. On appeal, the trial court could have reversed, which would be final to the claimant; or it could have affirmed, which would be final to the employer. Under either action an appeal would lie to this court under rule 331(a). The trial court did neither. It found that while the record sustained the commissioner as to the existence of a compensable injury (a matter in itself of no benefit to claimant or detriment to employer) further facts were essential to a final award and remanded for an ascertainment thereof. Under no reasonable theory can it be said that such order "puts the case out of court."

Appellants assert the trial court erred in sustaining the findings of the commissioner as to a compensable injury. They also assert a lack of authority in the trial court to remand for further proceedings before the commissioner. Assuming, but not determining, this to be true, these errors, if errors they be, are preserved to appellants under rule 331(b).

There being no compliance with rule 332 this court is without jurisdiction to entertain this appeal and the same must be dismissed.—Appeal dismissed.

All JUSTICES concur.