ELVIRA RUBENDALL, appellee, v. BROGAN CONSTRUCTION COMPANY, employer, and HARTFORD FIRE INSURANCE COMPANY GROUP, insurance carrier, appellants.

No. 50452.

FEBRUARY 6, 1962.

Davis, Huebner, Johnson, Burt & Fulton, of Des Moines, for appellants.

Finley & Teas, of Mason City, for appellee.

HAYS, J.—Claimant, appellee, as a surviving spouse, seeks death benefits as provided by chapter 85, Code of Iowa. Upon a hearing the deputy commissioner found that injuries from which decedent died did not "arise out of and in the course of

his employment" and denied relief. The commissioner on review sustained this finding. The district court on appeal, Hon. William P. Butler presiding, reversed and remanded with directions "for further proceedings in harmony with this decree." The commissioner, upon remand, again evaluated the record, no new testimony being offered, and found the injury "did not arise out of and in the course of his employment" and dismissed the proceedings. On appeal to the district court, Hon. L. E. Plummer presiding, the cause was remanded for an award in conformity with Judge Butler's decree. The cause is here before this court under rule 332, R. C. P.

Judge Butler filed his decree September 1, 1960, from which no appeal was taken. On June 5, 1961, Judge Plummer filed his decree from which this appeal was taken. Two questions predominate here: (1) The status of the Butler decree. (2) The correctness of the Plummer decree.

█ Both trial courts and litigants are agreed upon the basic legal principles governing cases under chapter 85. It is by our decisions and by statute the established rule that the findings of fact of the commissioner have the force of a jury verdict and may not be disturbed if supported by any substantial evidence but may be reviewed by the court on appeal to determine whether the commissioner has properly related the facts found to the applicable law. Sections 86.29 and 86.30, Code of Iowa; Brewer v. Central Constr. Co., 241 Iowa 799, 43 N.W.2d 131; Barton v. Nevada Poultry Co., 253 Iowa 285, 110 N.W.2d 660.

A brief statement of the factual situation is as follows: Forrest Rubendall was an employee of the Brogan Construction Company and at the time of his death was working upon two bridge construction projects in Cerro Gordo County. He lived with his family in a trailer which was moved from job site to job site. The two jobs were referred to as the West bridge and East bridge. His trailer was parked about a block from the West bridge. The East bridge was some six miles to the east. A fellow workman and the foreman, Ivan Goering, lived in a trailer parked near that of decedent. When working on the East bridge it was customary for them to alternate in the use of their cars to go back and forth to work. On June 4, 1957,

the two used the Goering car to go to the East bridge where they worked that day. Goering was directed by a Mr. Ray Barnhart, the superintendent of the two jobs, to work on the West bridge the next day and told him to take certain tools from the East to the West bridge. There is a dispute in the record whether decedent assisted in the loading of these tools. There is also a dispute in the record as to where decedent was to work the next day. On their return trip home to the West bridge, they went out of their direct route into the town of Plymouth where decedent purchased some cigarettes. After they had reached their usually traveled route, on leaving Plymouth, they were involved in a car accident in which decedent sustained injuries from which he died.

I. It is appellee's contention that decedent sustained personal injuries arising out of and in the course of his employment, as defined in section 85.61(6), Code of Iowa. This section provides:

"The words 'personal injury arising out of and in the course of the employment' shall include injuries to employees whose services are being performed on, in, or about the premises which are occupied, used, or controlled by the employer, *and also injuries to those who are engaged elsewhere in places where their employer's business requires their presence and subjects them to dangers incident to the business.*" (Italics ours.)

It is under the italicized portion that this claim is based. It is generally referred to as the "dual purpose" rule.

The record shows without dispute that at the time of the accident, decedent was en route home from his work on the East bridge. It is conceded that, if nothing more appeared in the record, the "going and coming rule" would be applicable and there could be no recovery. See Bulman v. Sanitary Farm Dairies, 247 Iowa 488, 73 N.W.2d 27, and cited authorities.

■ The so-called "dual purpose" rule is often accepted as an exception to the "going and coming rule" and has been stated to be as follows:

" 'If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. * * * If, however,

the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose though the business errand was undone, the travel is then personal, and personal the risk.'" Pohler v. T. W. Snow Construction Co., 239 Iowa 1018, 1023, 33 N.W.2d 416.

See also Kyle v. Greene High School, 208 Iowa 1037, 226 N.W. 71; Pribyl v. Standard Electric Co., 246 Iowa 333, 67 N.W.2d 438; Crowe v. De Soto Consol. Sch. Dist., 246 Iowa 402, 68 N.W.2d 63; Hansen v. State of Iowa, 249 Iowa 1147, 91 N.W.2d 555; Lamb v. Standard Oil Co., 250 Iowa 911, 96 N.W.2d 730.

█ As before stated, there is a conflict in the evidence as to where decedent was to work the day following the accident. There is also a dispute as to what decedent did in the matter of loading tools into Goering's car. There is no dispute as to the car belonging to Goering, that Goering was to work on the West bridge the next day and took tools from the East bridge in his car to use the next day, that decedent was riding home from his day's work at the East bridge in Goering's car. Under such a state of facts, had this been a law action, decedent's status would have become a fact for jury determination. Thus a decision upon this question was for the commissioner, and his finding, in the absence of fraud, is conclusive upon this court. Hansen v. State of Iowa, supra.

II. What was the status of the Butler decree? It reversed the findings of the commissioner and remanded it for further proceedings in accord therewith. Appellee contends it was a final order and required nothing more than the formal entry of the statutory award. Judge Plummer accepted this view, declared the Butler decree to be the law of the case, reversed the commissioner's ruling with instructions to make a finding of facts in accord with the Butler decree and make the statutory award.

█ The decree by Judge Butler was filed September 1, 1960, and no appeal was taken. Thus if this decree was final, if it ended the case it was final and, no appeal having been

taken, the same was binding upon the commissioner, Judge Plummer and this court. Was it final? We say no.

A reading of Judge Butler's decree shows that he recognized the conflict in the testimony; that he, as a fact finder, would make a different finding of facts, which finding of facts would support the "dual purpose" rule and warrant an award. We reach this conclusion upon two statements which appear in his ruling. (1) "There is evidence in the record from which the commissioner *might* have found * * *" (italics added) and (2) "In my opinion the record is not sufficient to authorize the court to enter judgment in favor of the applicant and that the proper procedure is to remand to the commissioner for further proceedings in harmony with the holdings of this decree." As to what *might* be sustained by the facts is not our concern, rather, are there facts which support the commissioner's decision? Ziegler v. United States Gypsum Co., 252 Iowa 613, 106 N.W.2d 591; Daggett v. Nebraska-Eastern Express, Inc., 252 Iowa 341, 107 N.W.2d 102. As to the second statement, the fair meaning is that the commissioner should revaluate the facts and find them to be in accord with those at least proposed by the court in its decree. In either event, it called for further action by the commissioner and was merely interlocutory and no rights were lost by not appealing under rule 332, R. C. P. See Deere Mfg. Co. v. Zeiner, 247 Iowa 1364, 78 N.W.2d 527, 79 N.W.2d 403; rule 331(b), R. C. P.; Hagmeier v. Dryden Rubber Division, 245 Iowa 1121, 66 N.W.2d 111; 58 Am. Jur., Workmen's Compensation, section 537, page 913. It being an interlocutory ruling with no appeal under rule 332, R. C. P., it was not such a ruling as was binding upon Judge Plummer nor upon this court on final appeal. Compare rule 331(b) with rule 105, R. C. P.

III. Was Judge Plummer's decree correct? We hold it was not. He had before him findings of fact by the Industrial Commissioner which had ample substantive support in the record. While we think his decree shows that the error was due to a mistake as to the finality of Judge Butler's decree and giving to it more force than the decree intended, nevertheless, under the authorities above cited, the commissioner's find-

658

ings of fact were conclusive and the court was bound to accept such.

The decree is reversed and the cause is remanded with direction to dismiss claimant's petition.—Reversed and remanded with directions.

All JUSTICES concur except BLISS, J., who takes no part.