EMPLOYERS GROUP OF INSURANCE COMPANIES, appellee, v. CARL VILLHAUER, appellant.

No. 50737.

(Reported in 118 N.W.2d 38)

NOVEMBER 13, 1962.

Edward L. O'Connor, of Iowa City, for appellant.

Messer & Cahill and Jerry L. Lovelace, all of Iowa City, for appellee.

PETERSON, J.—September 8, 1961, plaintiff filed a petition at law against defendant, claiming judgment for $2791.10, money kept and withheld by defendant from his principal, Western Transportation Company, Inc.

Said Transportation Company is in the business of hauling, transporting, storing and carrying freight of various kinds and descriptions in both interstate commerce in Iowa, and in intrastate commerce.

In February 1956 a representative of the Transportation Company entered into oral agreement with defendant on its behalf to serve as freight agent in Iowa City. Defendant conducted the agency under the business name of "Carl's Cartage." There was an agreement between the parties that defendant was to deduct from the freight bills, as they were collected, an agreed percentage for his services. On May 5, 6, 7 and 8 of 1958 defendant made certain collections for the Western Transportation Company, Inc., which were never remitted to them. Itemized statement of the account was attached to the petition showing the total of such collections, after deducting defendant's commission, was $3012.10.

Plaintiff-company had a fidelity bond arrangement with the Transportation Company for the payment of any losses suffered through defalcation of its employees and agents. The company filed claim with the surety company for the amount of defendant's unremitted collections. On October 31, 1958, plaintiff paid the amount to Western Transportation Company, Inc., and secured from the company an assignment of all rights of action against defendant.

Plaintiff made demand for payment, and defendant agreed to pay $100 per month until the item was fully paid. However, defendant only paid $221, leaving a balance unpaid of $2791.10. After attempting for about three years to make collection, without success, this action was commenced.

The petition consists of three divisions. Division I is based on an oral agreement between defendant and Western Transportation Company, Inc., and the assignment of the Transportation Company rights to plaintiff. Division II is based on a claim of moneys had and received by defendant, which now belong to plaintiff, and to which plaintiff is entitled as a matter of fact. Division III is based on money had and received by defendant, now belonging to plaintiff, and to which plaintiff is entitled as a matter of law.

September 25, 1961, defendant filed motion to dismiss, motion to strike and motion for more specific statement.

November 3, 1961, the trial court ruled on the three motions, overruling the motions to dismiss and to strike, and sustaining the motion for more specific statement.

Plaintiff did not respond to the order of court as to the motion for more specific statement within the seven-day period fixed by R. C. P. 86. It did not file its amendment to petition in compliance with the motion and order until January 25, 1962. This situation creates the basis for this appeal.

I.  Defendant filed notice of appeal to this court on March 19, 1962. The first basis for appeal as stated in the notice is that defendant appeals "from the final order or decree herein entered by act and operation of law on or about November 11, 1961."

It is the contention of defendant that under the provisions of R. C. P. 86 when plaintiff failed to respond to the order of court for more specific statement within seven days plaintiff's petition was automatically dismissed by operation of law.

We need not pass upon this contention. If there was a dismissal of plaintiff's petition under rule 86 the dismissal was favorable to defendant and he had no occasion to appeal therefrom. Nor was any notice of appeal filed until long after the thirty days allowed by rule 335, R. C. P.

Rule 335 provides: "Appeals to the supreme court must be taken within, and not after, thirty days from the entry of the order, judgment or decree, * * *." Obviously, defendant failed to comply with this rule.

February 1, 1962, defendant filed motion to strike both the petition and the amendment. February 20, 1962, plaintiff filed

resistance to defendant's motion to strike. February 23 defendant filed amendment to motion to strike. February 28, 1962, plaintiff filed resistance to defendant's amended motion to strike.

March 15, 1962, the trial court overruled the motion to strike and the amendment thereto. March 19, 1962, defendant filed answer placing every allegation in plaintiff's petition at issue.

March 22, 1962, plaintiff filed reply to defendant's answer.

II. In defendant's notice of appeal he also said he was appealing "from the final ruling of the court entered on March 15, 1962."

The question with reference to this ruling is whether or not it was a finality from which defendant could appeal as a matter of right. If an interlocutory order, it was necessary for plaintiff to apply for and secure permission from this court or a justice thereof in order to appeal therefrom.

■ The question of what is a final order has received consideration in many decisions of this court. We believe it is succinctly defined in Wilson v. Corbin, 241 Iowa 226, 228, 40 N.W.2d 472, 474, as follows: "A final judgment or decision is one that finally adjudicates the rights of the parties. It must put it beyond the power of the court which made it to place the parties in their original condition or, as frequently said, put the case out of court. It is a determination which may be enforced by execution or in some other appropriate manner. In re Estate of Swanson, 239 Iowa 294, 305, 31 N.W.2d 385, 391, and citations."

■ Careful study of the wording and substance of the trial court's ruling on March 15, 1962, indicates that such ruling was interlocutory. This is especially true when measured by the quoted definition of final judgment from Wilson v. Corbin, supra. If it was the purpose of defendant to secure a ruling as to the effect of R. C. P. 86 on the March date under consideration, in the case at bar, defendant should have followed the provisions of R. C. P. 332.

Defendant leans heavily on three cases: Dvorak v. Dvorak, 244 Iowa 1113, 60 N.W.2d 88; Goldstein v. Brandmeyer, 243 Iowa 679, 684, 53 N.W.2d 268; and Forte v. Schlick, 248 Iowa 1327, 1332, 85 N.W.2d 549, 552.

They are not analogous to the case at bar. They do not have

reference to nor support defendant's position as to finality. Any analogy present supports appellee.

In the Dvorak case it was plaintiffs who attempted to appeal from the dismissal of their petition but their appeal was not timely.

In the Goldstein case there still remained issues to be tried after the ruling of the court, and the case could not stand dismissed. We said: "If the ruling be one to strike certain allegations of a pleading leaving other allegations to be tried, clearly the 'final adjudication' does not dispose of the entire case in the trial court and the ruling is therefore interlocutory."

In Forte v. Schlick, supra, plaintiff sued for $160,000. The item of $150,000 was stricken. However, the remaining item of $10,000 was left in the case for further proceedings. We said in the case: "Defendant's failure to move to dismiss the appeal does not confer upon us jurisdiction to entertain it. Since the appeal is not authorized by rule we have no jurisdiction to consider it and will dismiss it upon our own motion."

A ruling or order is interlocutory if it is not finally decisive of the case. In re Estate of Swanson and Wilson v. Corbin, both supra; In re Estate of Starlin, 241 Iowa 72, 75, 40 N.W.2d 1, 3; Hagmeier v. Dryden Rubber Division, 245 Iowa 1121, 1124, 66 N.W.2d 111, 112; Crowe v. De Soto Consolidated School District, 246 Iowa 38, 40, 66 N.W.2d 859, 860. Forte v. Schlick, supra.

The ruling of the trial court on March 15, 1962, was clearly interlocutory, and this court has no jurisdiction to entertain this appeal.

The appeal is dismissed.—Appeal dismissed.

All JUSTICES concur except STUART, J., who takes no part.